PRESIDING JUSTICE HOLDRIDGE, dissenting: The majority holds that the trial court abused its discretion in admitting the recordings at issue because they lacked a proper foundation. The record clearly shows, however, that no objection was made at hearing to the lack of foundation. Thus the issue of proper evidentiary foundation was waived. People v. DeLuna, 334 Ill. App. 3d 1, 19 (2002). A review of the record shows that all parties acknowledged the identities of the individuals who were heard on the tape. In point of fact, no party challenged the admissibility of the recordings due to lack of a proper foundation. Without an objection to foundation, the trial court was within its discretion to find that the recordings were admissible. Greig v. Griffel, 49 Ill. App. 3d 829, 841 (1977) (failure to object to lack of foundation waives all objections to admissibility). Moreover, not only were the recordings admissible, they were relevant. It was undisputed that the respondent had pending criminal charges stemming from the phone calls she made to Stephanie. The record shows that a child was present and could momentarily be heard during one of those calls. Further, as the trial court determined, the respondent sounded intoxicated during a series of calls made in the early morning hours. Thus, the respondent’s conduct during these calls showed signs of an inability to handle her anger, as well as alcohol or drug use to the point of intoxication. This conduct was relevant to the respondent’s fitness to be a parent. Because the recordings offered evidence that was helpful and relevant to the respondent’s fitness to parent her children, I would find that the court did not abuse its discretion by admitting the recorded telephone calls and messages. I would affirm the ruling of the trial court. I therefore respectfully dissent.